108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregorio Corales TRINIDAD, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-70605.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 12, 1997.
 
 1
 Petition to Review a Decision of the Board of Immigration Appeals, No. Ars-baw-pmc.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: BEEZER and KOZINSKI, Circuit Judges, and INGRAM,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Gregorio Corales Trinidad, a citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum and withholding of deportation. He also petitions for review of the BIA's refusal to grant voluntary departure. We find substantial evidence supports the BIA's decision and therefore deny the petition.
 
 
 6
 We review the BIA's decision for abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Denial of asylum can be reversed only if the "evidence presented by [the alien] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.
 
 
 7
 An alien is eligible for asylum if he can prove that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42). The petitioner must demonstrate both that he has a genuine fear of persecution and that the fear is objectively reasonable. Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995). The burden of proof for withholding of deportation is greater than that for asylum. Id. at 1429. Thus, if an alien fails to establish the past persecution or well-founded fear of future persecution required for a grant of asylum, he will have failed to establish the right to withholding of deportation. Id.
 
 
 8
 Substantial evidence supports the BIA's conclusion that Trinidad failed to prove the objective component required to establish a well-founded fear of persecution. Trinidad contends that as a member of KBL, a political group supporting the Marcos regime, he was and will continue to be subject to persecution at the hands of the New People's Army (NPA), opponents of KBL who advocate the overthrow of the current government. The immigration judge ("IJ") was skeptical of Trinidad's claims regarding past persecution and concluded that Trinidad had not provided sufficient evidence to support a well-founded fear of future persecution. On appeal, the BIA approved the IJ's conclusion and deferred to the IJ's adverse credibility finding. The IJ's adverse credibility finding is also entitled to "considerable" deference in this court. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). Furthermore, the State Department's Advisory opinion on the Philippines supports the BIA's conclusion that Trinidad has not demonstrated that he will suffer persecution at the hands of the NPA upon his return to the Philippines.
 
 
 9
 Because Trinidad has failed to satisfy the lower burden of proof required for asylum, he has also failed to satisfy the clear probability standard for withholding of deportation. Ghaly, 58 F.3d at 1429.
 
 
 10
 Trinidad argues in the alternative that the BIA abused its discretion in denying Trinidad's request for voluntary departure by failing to articulate adequately the rationale behind its decision. See Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992). The BIA here denied voluntary departure in the exercise of its discretion, noting that Trinidad's testimony contradicted the State Department's opinion letter and that Trinidad made no attempt to corroborate his claim with the production of non-testimonial evidence. The BIA concluded that the evidence supported the IJ's finding that Trinidad's application was frivolous. Upon a review of the record, we hold that the BIA did not abuse its discretion in denying Trinidad's request for voluntary departure.
 
 
 11
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3